**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

BYRON GEOVANNY AREVALO FAJARDO,
CARLOS MARTELL, JOSE GUTIERREZ, JUAN
PEREYRA, IÑIGO MENDOZA RAMIREZ (A/K/A
EDUARDO MENDOZA RAMIREZ), MIGUEL
GARRIDO, REYMUNDO CHAVEZ HERNANDEZ
(A/K/A RAMON CHAVEZ HERNANDEZ),
RICHARD XAVIER HERNANDEZ, AND
SEBASTIAN ALFREDO ESPINOSA VARGAS
(A/K/A SEBBY ESPINOSA VARGAS), JAIRO
RIVAS, ELIAS ORDONES, AND GEORGE PALTA
*ON BEHALF OF THEMSELVES AND OTHER*
*SIMILARLY SITUATED IN THE PROPOSED FLSA*
*COLLECTIVE ACTION,*

                    PLAINTIFFS,

              -AGAINST –

WB MAINTENANCE & DESIGN GROUP, INC.,
W.B. & SON CONSTRUCTION CORP., WLADIMIR
BRICENO, BETTY BRICENO, JEISSY BRICENO,
JEIMY BRICENO, AND ALEXANDER BRICENO,

                    Defendants.

**Case No. 21-cv-05236**


**SETTLEMENT AGREEMENT**
**AND RELEASE**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

In re:

WB MAINTENANCE INC.
dba WB MAINTENANCE & REPAIR *et. al.,*
                    Debtors.[1]

Chapter 11
Subchapter V

Case No.: 1-22-41755-JMM
(Jointly Administered)

        This Settlement Agreement and Release of Claims ("Agreement") is entered into by and
among plaintiffs, BYRON GEOVANNY AREVALO FAJARDO, CARLOS MARTELL, JOSE
GUTIERREZ, JUAN PEREYRA, IÑIGO MENDOZA RAMIREZ (A/K/A EDUARDO

---

[1] The Debtors in these chapter 11 cases, along with their respective case numbers and the last four digits of
each Debtor's employer identification number are: W.B. & Son Construction Corp., Case No. 1-22-41758
(6909); WB Maintenance & Design Group Inc., Case No. 1-22-41759 (7375); WB Maintenance Inc., Case
No. 1-22-41755 (2958); W.B. Maintenance & Repair Corp., Case No. 1-22-41757 (1003); and Go-Pro
Maintenance Inc., Case No. 1-22-41756 (4160).

MENDOZA RAMIREZ), MIGUEL GARRIDO, REYMUNDO CHAVEZ HERNANDEZ (A/K/A RAMON CHAVEZ HERNANDEZ), RICHARD XAVIER HERNANDEZ, SEBASTIAN ALFREDO ESPINOSA VARGAS (A/K/A SEBBY ESPINOSA VARGAS), JAIRO RIVAS, ELIAS ORDONES, and GEORGE PALTA ("Plaintiffs"), on the one hand, and defendants WB MAINTENANCE & DESIGN GROUP, INC., debtor in possession, W.B. & SON CONSTRUCTION CORP., debtor in possession[2], WLADIMIR BRICENO, BETTY BRICENO, JEISSY BRICENO, JEIMY BRICENO, and ALEXANDER BRICENO ("Defendants") and additional debtors in possession WB Maintenance Inc., W.B. Maintenance & Repair Corp., and Go-Pro Maintenance Inc. ("Additional Debtors") (collectively, Defendants and the Additional Debtors shall hereinafter be referred to as the "**Released Parties**"), on the other hand.

**WHEREAS**, Plaintiffs allege that they worked for Defendants as employees; and

**WHEREAS**, a dispute has arisen regarding Plaintiffs' alleged employment and the terms thereof, which dispute has resulted in the Plaintiffs filing of an action against the Defendants in the United States District Court for the Eastern District of New York (the "U.S. District Court"), Civil Action No.: **21-cv-05236** (hereinafter "the **FLSA Suit**" or "**Action**"), by Complaint dated September 20, 2021 as amended by the First Amended Complaint dated January 10, 2022 (the "Amended Complaint"), alleging, *inter alia*, a violation of federal and state wage and hour laws; and

**WHEREAS**, Released Parties deny any violation of federal and state wage and hour laws;

**WHEREAS**, this Agreement and the terms herein do not incorporate resolution of the assault and battery charges alleged against defendant Alexander Briceno; and

**WHEREAS**, Plaintiffs and Released Parties desire to resolve all disputes between them without the necessity of further litigation.

**NOW, THEREFORE**, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, receipt of which is hereby acknowledged, it is hereby agreed subject to dismissal of the U.S. District Court Action as provided in this Agreement, and subject to U.S. Bankruptcy Court approval of the Agreement, as follows:

1.      <u>Preliminary Matters</u>.  Plaintiffs have reviewed the terms of this Agreement, have had the opportunity to confer with their legal counsel, including Joshua Levin-Epstein, Esq. and Jason Mizrahi, Esq., of Levin-Epstein & Associates, P.C. ("Plaintiffs' Counsel"), and/or other

---

[2] On July 22, 2022, debtors WB Maintenance Inc., Go-Pro Maintenance Inc., W.B. Maintenance & Repair Corp., W.B. & Son Construction Corp., (Defendant) and WB Maintenance & Design Group Inc. (Defendant) ("Debtors") filed voluntary bankruptcy petitions for reorganization under chapter 11 of title 11 of the United States Code, 11 U.S.C. §101, *et seq* (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Eastern District of New York (the "U.S. Bankruptcy Court"), and the Hon. Jil Mazer-Marino, United States Bankruptcy Judge, is presiding over said cases which bear Case Nos. 22-41755-JMM, 22-41756-JMM, 22-41757-JMM, 22-41758-JMM, and 22-41759-JMM respectively and are jointly administered under Case No. 22-41755-JMM (the "**Bankruptcy Cases**"). The cases have not been dismissed or converted.

advisors of their own choosing in order to obtain advice with respect to the terms of this Agreement.  Plaintiffs and Defendants participated in lengthy settlement discussions. Plaintiffs acknowledge that it is their choice to waive claims, including any potential wage and hour claims against the Released Parties which include Defendants and the Additional Debtors, in return for the benefits set forth herein and that they made this decision after careful thought and a reasonable period of time to consider this Agreement, and after an opportunity to consult with their attorneys. Plaintiffs confirm that they fully understand the terms of this Agreement, and that they are signing this Agreement voluntarily.  By signing below, Plaintiffs represent that their primary language is Spanish; that Plaintiffs' counsel has reviewed all terms of this Agreement with Plaintiffs in Spanish; and that Plaintiffs fully understand all terms of this Agreement and voluntarily accept them. Given the promises and consideration set forth in this Agreement, Plaintiffs represent and warrant that they now have been properly paid for all time worked during their employment by Defendants and the Additional Debtors, and acknowledge and agree that they will no longer have any entitlement to any past-due wages, overtime pay, bonuses, commissions, gratuities, spread of hours pay, reimbursements, payouts, severance pay, vacation pay, or other compensation or benefits from Defendants and/or the Additional Debtors.

2.      <u>Dismissal of Pending Action</u>.  For and in consideration of the promises outlined in this Agreement, the sufficiency of which Plaintiffs acknowledge, Plaintiffs shall: (i) dismiss, or cause to be dismissed, the First Claim through Tenth Claim in the Amended Complaint with prejudice, as against Defendants, and dismiss, or cause to be dismissed, the Eleventh Claim (for assault and battery) asserted in the Amended Complaint only by Carlos Martell, without prejudice, as against Defendant Alexander Briceno; (ii) not re-file the First Claim through Tenth Claim in the Amended Complaint against Defendants; and (iii) not institute any action against Defendants and/or the Additional Debtors in any court or other forum for wage and hour claims that are released, as set forth in Section 8 of this Agreement.  Plaintiffs and Defendants expressly authorize their counsel to submit any papers to the U.S. Bankruptcy Court and the U.S. District Court that are necessary to effectuate the dismissal of the Action in accordance with this Section (including the Stipulation of Dismissal attached hereto as Exhibit 1), approval of this settlement as fair and reasonable, and/or the effectuation of a release of wage and hour claims as specified herein.

3.      <u>Payment</u>. In consideration for Plaintiffs' execution of and compliance with this Agreement, including the release set forth in Section 8 of this Agreement, and the dismissal with prejudice of the Action by Plaintiffs as against Defendants, the Defendants and/or Additional Debtors shall pay or cause to be paid to Plaintiffs and their counsel, subject to the terms and conditions of this Agreement, the total gross amount of Five Hundred Thirty Thousand Dollars and No Cents ($530,000.00) (at times, referred to as the "Settlement Amount") in the following installment payments paid under and pursuant to the Plan as defined herein.  The first payment will be one lump-sum down payment in the amount of $375,000 paid on the Effective Date (as that term is defined in [section 8.02 of] the Plan)[3] of the Debtors' plan of reorganization (joint or otherwise), as may be amended ("Plan") filed in the Bankruptcy Cases, which amount will be held in Debtors' counsel's escrow account upon U.S. Bankruptcy Court approval of this Agreement under Bankruptcy Rule 9019 until Plan confirmation. The balance of the Settlement

---

[3] Out of an avoidance of doubt, the "Effective Date" of the Plan means the first business day following the date that is 14 days after the entry of the Confirmation Order entered by the Bankruptcy Court confirming the Plan under §1129 of the Bankruptcy Code. If, however, a stay of the Confirmation Order is in effect on that date, the effective date will be the first business day after the date on which the stay expires or is otherwise terminated.

Amount shall be paid in six (6) consecutive monthly installment payments of $25,833.33. The first monthly installment payment of Twenty Five Thousand Eight Hundred Thirty-Three Dollars and Thirty-Three Cents ($25,833.33) shall be due within 30 (thirty) days after the Plaintiffs' receipt of the down payment, this Agreement being approved by the U.S. Bankruptcy Court, and confirmation of the Debtors' Plan in the Bankruptcy Cases. The Plaintiffs' claims are Wage and Hour Claims as defined in the Plan. The Plaintiffs' claims are classified in Class 2 of the Plan and are the only claimants who have filed proofs of claims of the kind in Class 2. The Settlement Amount will be paid to Class 2 creditors in full satisfaction of Plaintiffs' claims and of the claims of creditors in Class 2 and/or those creditors who had or may have had claims of the kind in Class 2 and did not file timely proofs of claims in the Bankruptcy Cases.

(a)    The second through sixth monthly installment payments thereafter in the amount of Twenty Five Thousand Eight Hundred Thirty-Three Dollars and Thirty Three Cents ($25,833.33) each shall be due on the 30th day of each successive month (except for the month of February, in which the installment payment shall be due on the 28th or 29th day of that month).

(b)     One third of the Settlement Amount, in the amount of One Hundred Seventy-Six Thousand, Six Hundred and Sixty-Six Dollars and Sixty-Seven Cents ($176,666.67), shall be allocated to Levin-Epstein & Associates, P.C. as attorneys' fees and costs.

(c)    Two thirds of the Settlement Amount, in the amount of Three Hundred Fifty-Three Thousand and Three Hundred Thirty-Three Dollars and Thirty-Three Cents ($353,333.33), shall be allocated to Plaintiffs.

(d)    Each Plaintiff will receive the following amount, which is based on their pro rata share of the total alleged damages in the within Action, which sums do no account for the portion of the Settlement Amount which will be allocated to Plaintiffs' counsel:

| Plaintiff (listed in the order listed in Ex. B to proofs of claim) | Original Asserted Claim | Percentage allocated to each Plaintiff | Allowed Claim of Each Plaintiff and Total Settlement Amount Allocated to Each Plaintiff (without accounting for allocation to Plaintiffs' counsel) |
|---|---|---|---|
| Byron Geovanny Arevalo Fajardo | $203,487.73 | 7.53% | $39,919.59 |
| Carlos Martell | $439,558.71 | 16.27% | $86,231.25 |
| Jose Gutierrez | $49,470.05 | 1.83% | $9,704.88 |
| Juan Pereyra | $274,917.76 | 10.18% | $53,932.50 |
| Iñigo Mendoza Ramirez (a/k/a Eduardo Mendoza Ramirez) | $263,143.90 | 9.74% | $51,622.75 |
| Miguel Garrido | $32,332.43 | 1.20% | $6,342.87 |
| Reymundo Chavez Hernandez (a/k/a Ramon Chavez Hernandez) | $209,981.98 | 7.77% | $41,193.61 |

- 4 -

| | | | |
|---|---|---|---|
| Richard Xavier Hernandez | $67,184.20 | 2.49% | $13,179.99 |
| Sebastian Alfredo Espinosa Vargas (a/k/a Sebby Espinosa Vargas) | $299,903.34 | 11.10% | $58,834.10 |
| Jairo Rivas | $338,794.09 | 12.54% | $66,463.56 |
| Elias Ordones | $296,609.24 | 10.98% | $58,187.87 |
| George Palta | $226,260.30 | 8.37% | $44,387.04 |
| Total: | $2,701,643.73 | 100.00% | $530,000.00 |

(e)    Defendants and/or Debtors shall remit each monthly installment payment by check payable to Plaintiffs' counsel as attorneys for deposit into the IOLTA account of Levin-Epstein & Associates, P.C. and shall send all monthly installment checks via hand-delivery, or by the United States Postal Service, United Parcel Service, or Federal Express, with a tracking number, addressed to Levin-Epstein & Associates, P.C., 60 East 42nd Street, Suite 4700, New York, New York 10165.

4.    <u>Rule 68 Offer of Judgment</u>. In exchange for the terms set forth herein, Defendants and/or Debtors hereby consent to a Federal Rule of Civil Procedure Rule 68 Offer of Judgment for all parties named in the District Court Action as part of the dismissal of the Action in accordance herewith, except for Plaintiffs' Eleventh Claim (for assault and battery) asserted in the Amended Complaint only by Carlos Martell as against Defendant Alexander Briceno, which shall be dismissed, or cause to be dismissed, via stipulation of voluntary dismissal without prejudice. Upon the Effective Date, pursuant to Rule 68(a), Defendants shall serve the Offer of Judgment (the "Offer of Judgment") upon the Plaintiffs by their counsel. A copy of the form of Offer of Judgment and form of Acceptance of Judgment (the "Acceptance of Judgment") are annexed hereto as Exhibit 3. Plaintiffs by their counsel may then serve upon Defendants by counsel their Acceptance of Judgment. Plaintiffs agree to refrain from collecting on the accepted Offer of Judgment while payments are being made pursuant to Section 3 above, unless the (i) Defendants fail to make any of the payments as set forth in Section 3, and (ii) Defendants fail to cure such default within seven (7) day of receipt of written notice, to be delivered by Plaintiffs' counsel to Defendants' counsel by email to Ralph E. Preite, Esq. at ralph@kilegal.com and to Steven Siegler, Esq. at steven@kilegal.com and to Christopher M. Lynch, Esq. at clynch@whiteandcirrito.com. In the event that Plaintiffs enforce and collect on the accepted Offer of Judgment, Plaintiffs agree to file Satisfactions of Judgment (partial or otherwise), after full payment of the Settlement Amount.

On the Effective Date, Plaintiffs will issue Satisfactions of Judgment for each of the payments to be made and will deliver them to Defendants' counsel who will hold the Satisfactions of Judgment in escrow. Upon Plaintiffs' due receipt of each payment required under Section 3, Plaintiffs' counsel will forthwith file a Satisfaction of Judgment (substantially in the form annexed as Exhibit 4) on the docket in the Action and wherever else the subject judgment and/or transcript thereof was filed and/or recorded so as to give notice to the world that the subject judgment has been paid. Upon the Settlement Amount being paid in full, Plaintiffs will duly file the aforesaid Satisfaction(s) of Judgment. Upon the Settlement Amount being paid in full, Defendants will file the Stipulation of Dismissal of the First Claim through Tenth Claim with prejudice, and the Eleventh Claim asserted only by Carlos Martell against Alexander Briceno without prejudice, a copy of which stipulation is attached hereto as Exhibit 1.

5.      <u>Expungement, Reduction and/or Allowance of Claims, Voting</u>. Plaintiffs hereby consent to their claims being expunged in all of the Bankruptcy Cases, and allowed in the reduced amount set forth above in the column "Allowed Claim of Each Plaintiff and Total Settlement Amount Allocated to Each Plaintiff" in the table in Section 3 above. Plaintiffs hereby further consent to reducing their claims, *pro rata*, to the amount set forth above in the column "Allowed Claim of Each Plaintiff and Total Settlement Amount Allocated to Each Plaintiff" and such reduced claims shall be allowed in the Debtors' lead case which is Case No. 22-41755-JMM. Plaintiffs hereby further consent to any motion by Debtors to expunge such claims, reduce such claims, and/or allow such claims consistent with this Agreement. Furthermore, the Debtors' Plan will provide for such treatment consistent with this Agreement. As a condition to payment of the Settlement Amount, Plaintiffs shall vote in favor of the Plan in the Bankruptcy Cases. Plaintiffs hereby authorize the Debtors to cast Plaintiffs' votes in favor of the Plan if Plaintiffs have not cast and delivered their votes in compliance with this Agreement by the deadline for voting on the Plan.

6.      <u>Tax Treatment.</u>  Plaintiffs' counsel will be issued an IRS Form 1099 reflecting the Settlement Amount remitted by Defendants or the Additional Debtors in accordance with Section 3.  However, Plaintiffs shall be responsible for their own share of all taxes, interest, or penalties related to the portion of the Settlement Amount that they receive under this Agreement.  Plaintiffs are not relying on any information provided by Defendants or the Additional Debtors, their employees, or their attorneys concerning the tax consequences of the payments made under this Agreement.  Plaintiffs agree to defend, indemnify, and hold harmless Defendants and/or the Additional Debtors against the payment of any taxes, interest, penalties, and other liabilities or costs that may be assessed upon their portion of the Settlement Amount.

7.      <u>Affidavits of Confession of Judgment</u>.  After execution of this Agreement and upon the Effective Date of the Plan, Defendants Wladimir Briceno, Betty Briceno, Jeissy Briceno, Jeimy Briceno, and Alexander Briceno shall each execute and deliver to Plaintiffs' counsel Affidavits of Confessions of Judgment in compliance with CPLR 3218(a)(3) ("Confessions of Judgment"), in the forms attached hereto as Exhibit 2. The Confessions of Judgment provide for judgment in the sum of 0.5 times the Settlement Amount, which together with the Rule 68 Offer of Judgment total 1.5 times the Settlement Amount, less payments made prior to entry of the judgment, pursuant to this Agreement. The Confessions of Judgment provide for joint and several liability among the Defendants and Additional Debtors. Plaintiffs and Defendants and Additional Debtors hereby acknowledge and agree that the Confessions of Judgment will be held in escrow by Plaintiffs' counsel, will not be given to Plaintiffs or any third-parties, and will not be entered and/or filed at any time other than: (i) in the event that Defendants fail to make any of the payments as set forth in Section 3, <u>and</u> (ii) Defendants fail to cure such default within seven (7) days of receipt of written notice, to be delivered by Plaintiffs' counsel to Defendants by e-mail to Ralph E. Preite, Esq. at ralph@kilegal.com and to Steven Siegler, Esq. at steven@kilegal.com and to Christopher M. Lynch, Esq. at clynch@whiteandcirrito.com.  Such notice of default shall be deemed received upon electronic transmission.  Upon timely payments of the entire Settlement Amount, the Confessions of Judgment will be forthwith returned to Debtors' counsel and all copies later located destroyed with no copies retained.

8.      <u>Release</u>.  For and in consideration of the promises, payments, and actions of the Defendants and Additional Debtors set forth in this Agreement, and other good and valuable consideration, the receipt of which is hereby acknowledged, Plaintiffs, with respect solely and only to conduct that has arisen on, or prior to, the date this Agreement is fully executed, fully and forever release, relieve, waive, relinquish, and discharge Defendants and the Additional Debtors, and each of them, and each of their parents, subsidiaries, affiliates, predecessors, successors, related entities, assigns, insurers, employee benefit plans and programs, and fiduciaries, and all of their present and former owners, directors, officers, partners, members, shareholders, employees, representatives, agents, attorneys, and insurers from, and with respect to, any and all actions, causes of action, suits, liabilities, claims, charges, rights, and demands whatsoever, to the maximum extent permitted by law, which have accrued from the beginning of time through the date that all parties execute this Agreement, in particular and including claims under 29 U.S.C. § 201, *et seq*. ("the Fair Labor Standards Act of 1938"), and Chapter 31 of the Consolidated Laws of New York (N.Y. Lab. Law § 1, *et seq* (McKinney) (the "New York Labor Law") including but not limited to Articles 6 and 19 thereof, and the Hospitality Wage Order of the New York Commissioner of Labor, and/or all New York State Department of Labor regulations and/or industry specific wage orders and/or the claims in the FLSA Suit (collectively the "Wage and Hour Claims") and all causes of action in the Amended Complaint including the First Claim through Tenth Claim, except for the assault and battery claim asserted in the Eleventh Claim against Alexander Briceno in the Action.  Nothing contained in this release shall operate to prevent Plaintiffs from providing truthful information to a governmental agency.

9.      <u>No Pending or Future Lawsuits</u>.  Plaintiffs represent that they have no lawsuits, claims, actions, or administrative proceedings pending in their name, or on behalf of any other person or entity, against Defendants and/or the Additional Debtors, other than the Action. Plaintiffs also represent that they will not bring any wage and hour claims that are released, either on their own behalf or on behalf of any other person or entity, against Defendants and/or the Additional Debtors. Defendants represent that they have no lawsuits, claims, actions, or administrative proceedings pending in their names, or on behalf of any other person or entity, against Plaintiffs.

10.      <u>No Admission of Liability</u>.  Plaintiffs and Defendants and Additional Debtors understand and acknowledge that this Agreement constitutes a compromise and settlement of disputed claims.  No action taken by Plaintiffs and Defendants and/or Additional Debtors either previously or in connection with this Agreement shall be deemed or construed to be (a) an admission of the truth or falsity of any claims and defenses heretofore made or (b) an acknowledgment or admission by Plaintiffs or Defendants or Additional Debtors of any fault or liability whatsoever to the other or to any third party.

11.      <u>Modification of the Agreement</u>.  This Agreement may not be changed unless the changes are in writing, signed by Plaintiffs and Defendants and Additional Debtors, and approved by the U.S. Bankruptcy Court.  Failure to insist on compliance with any term, covenant, or condition contained in this Agreement shall not be deemed a waiver of that term, covenant, or condition, nor shall any waiver or relinquishment of any right or power contained in this Agreement at any one time or more times be deemed a waiver or relinquishment of any right or

power at any other time or times.  No provision of this Agreement may be waived except by a written instrument signed by the Party who is claimed to have waived a provision.

12.    <u>Notices</u>.  Notices required under this Agreement shall be in writing and shall be deemed given on electronic transmission thereof.  Notices hereunder shall be delivered to:

<u>Plaintiffs</u>:

LEVIN-EPSTEIN & ASSOCIATES, P.C.
Joshua Levin-Epstein, Esq.
60 East 42nd Street, Suite 4700
New York, New York 10165
Tel.: (212) 792-0046
Email: joshua@levin-epstein.com

<u>Defendants/Debtors</u>:

Koutsoudakis & Iakovou Law Group PLLC
Ralph E. Preite, Esq.
Steven Siegler, Esq.
40 Wall Street, 49th Floor
New York, New York 10005
Tel.: (212) 404-8644
E-Mail: ralph@kilegal.com
            steven@kilegal.com

Defendant Alexander Briceno:

White, Cirrito, Nally & Lynch, LLP
Christopher M. Lynch, Esq.
64 Hilton Avenue
Hempstead, New York 11550
Tel: (516) 292-1818
E-Mail: clynch@whiteandcirrito.com

13.    <u>Governing Law</u>.  This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof.  The United States Bankruptcy Court for the Eastern District of New York shall retain jurisdiction over the interpretation, implementation, and enforcement of this Agreement as well as any and all matters arising out of, or related to, the interpretation, implementation, and enforcement of this Agreement and of the settlement contemplated thereby.  In the event that this Court lacks or declines jurisdiction over any of such matters, then the Parties agree that either the Supreme Court of the State of New York, County of Queens or the Civil Court of the City of New York, County of Queens, depending upon the amount in controversy, shall have jurisdiction over such matters.

14.    <u>Enforceability</u>. If any provision of this Agreement is held to be illegal, void, or unenforceable, such provision shall be of no force or effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement, provided, however, that upon any finding by a court of competent jurisdiction that a release or waiver of claims or rights or a covenant set forth herein is illegal, void, or unenforceable, Plaintiffs agree to promptly execute a release, waiver, and/or covenant that is legal and enforceable.

15.    <u>Acknowledgments</u>.    Plaintiffs and Defendants and Additional Debtors acknowledge that they are not relying upon any statement, representation, or promise in executing this Agreement except for statements, representations, or promises expressly set forth in this Agreement and the Plan.  It is understood and agreed that the Settlement Amount and the other good and valuable consideration provided for herein are not a mere recital but are the consideration for this Agreement and all terms herein, including the release effected thereby.  Plaintiffs and Defendants and Additional Debtors represent and warrant that the Settlement Amount is fair and reasonable.  Plaintiffs and Defendants and Additional Debtors represent and warrant that they are entering into this Agreement of their own free will and accord after consultation with their counsel.  Plaintiffs and Defendants and Additional Debtors warrant that they are satisfied with the legal representation and services received from their respective attorneys.  Plaintiffs and Defendants and Additional Debtors acknowledge that they have jointly prepared this Agreement and that they are executing this Agreement knowingly and voluntarily.  Plaintiffs acknowledge that they have not previously transferred, assigned, or conveyed any right or claim released in this Agreement.

16.    <u>Headings</u>.  The headings used herein are for reference only and shall not in any way affect the meaning or interpretation of this Agreement.

17.    <u>No Other Representations or Agreements</u>.    Plaintiffs and Defendants and Additional Debtors acknowledge that, except as expressly set forth herein, no representations of any kind or character have been made by any other party or parties, agents, representatives, or attorneys to induce the execution of this Agreement.  There is no other agreement or understanding, written or oral, expressed or implied, among Plaintiffs and Defendants and Additional Debtors concerning the subject matter hereof, except this Agreement and the Plan.  This Agreement and the Plan, constitutes and contains the entire agreement amongst Plaintiffs and Defendants and Additional Debtors, and supersedes and replaces all prior negotiations and all agreements, proposed or otherwise, written or oral, concerning the subject matter hereof.

18.    <u>Counterparts</u>.  To signify their agreement to the terms of this Agreement and Release, Plaintiffs and Defendants and Additional Debtors have executed this Agreement on the date set forth opposite their signatures, which appear below.  This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original, but all of such counterparts together shall constitute but one and the same instrument, binding upon Plaintiffs and Defendants and Additional Debtors, notwithstanding that Plaintiffs and Defendants and Additional Debtors may not have executed the same counterpart.  A facsimile copy, electronic signature, or PDF of any party's signature shall be deemed as legally binding as the original signatures.  This Agreement must be executed by all Parties.

19.    <u>Successors and Assigns</u>.  This Agreement shall be binding in all respects upon, and inure to the benefit of the respective successors and assigns of, Plaintiffs and Defendants and Additional Debtors, including their personal representatives, administrators, executors, heirs, and others taking from them; provided, however, that Plaintiffs and Defendants and Additional Debtors may not delegate or avoid any of their liabilities or obligations under this Agreement.

20.    As stated above, this Agreement is contingent on the U.S. District Court dismissing the Amended Complaint's First Claim through Tenth Claim with prejudice, and the Eleventh Claim against Alexander Briceno without prejudice, and, further, U.S. Bankruptcy Court approval under Bankruptcy Rule 9019 of this Agreement in the Bankruptcy Case. In the event that the U.S. District Court for any reason declines or fails to dismiss the Action and Amended Complaint   as contemplated by this Agreement *via* the Rule 68 method set forth in Section 4 of this Agreement, the Parties will then attempt dismissal *via* the <u>Cheeks</u> approval method. If the U.S. Bankruptcy Court fails to approve this settlement under Bankruptcy Rule 9019, and/or the U.S. District Court declines to dismiss the Action and Amended Complaint *via* the Rule 68 method and the <u>Cheeks</u> approval method, this Agreement shall be void.  In such case, the Parties shall be returned to their respective statuses as of the date immediately prior to the execution date of this Agreement; the Parties shall proceed in all respects as though the Agreement had not been executed; nothing contained in this Agreement shall be used as an admission against either Party.  Notwithstanding the foregoing, the Parties may agree in a separate writing to modify or alter this Agreement in order to obtain U.S. Bankruptcy Court approval and dismissal of the Action as contemplated by this Agreement.

**IN WITNESS WHEREOF**, and intending to be bound, Plaintiffs and Defendants have executed this Agreement.

**PLAINTIFFS:**

_____   Date: Jan. ___, 2023
BYRON GEOVANNY AREVALO FAJARDO

_____   Date: Jan. ___, 2023
CARLOS MARTELL

_____   Date: Jan. ___, 2023
JOSE GUTIERREZ

_____   Date: Jan. ___, 2023
JUAN PEREYRA

_____   Date: Jan. ___, 2023
IÑIGO MENDOZA RAMIREZ
(a/k/a EDUARDO MENDOZA RAMIREZ)

_____   Date: Jan. ___, 2023
MIGUEL GARRIDO

_____   Date: Jan. ___, 2023
REYMUNDO CHAVEZ HERNANDEZ
(a/k/a RAMON CHAVEZ HERNANDEZ)

_____   Date: Jan. ___, 2023
RICHARD XAVIER HERNANDEZ

_____   Date: Jan. ___, 2023
SEBASTIAN ALFREDO ESPINOSA VARGAS
(A/K/A SEBBY ESPINOSA VARGAS)

_____   Date: Jan. ___, 2023
JAIRO RIVAS

_____   Date: Jan. ___, 2023
ELIAS ORDONES

_____   Date: Jan. ___, 2023
GEORGE PALTA

**PLAINTIFFS:**

_____
BYRON GEOVANNY AREVALO FAJARDO

Date: Jan. ___, 2023

_____
CARLOS MARTELL

Date: Jan. ___, 2023

_____
JOSE GUTIERREZ

Date: Jan. ___, 2023

_____
JUAN PEREYRA

Date: Jan. **23**, 2023

_____
IÑIGO MENDOZA RAMIREZ
(a/k/a EDUARDO MENDOZA RAMIREZ)

Date: Jan. ___, 2023

_____
MIGUEL GARRIDO

Date: Jan. ___, 2023

_____
REYMUNDO CHAVEZ HERNANDEZ
(a/k/a RAMON CHAVEZ HERNANDEZ)

Date: Jan. ___, 2023

_____
RICHARD XAVIER HERNANDEZ

Date: Jan. ___, 2023

_____
SEBASTIAN ALFREDO ESPINOSA VARGAS
(A/K/A SEBBY ESPINOSA VARGAS)

Date: Jan. ___, 2023

_____
JAIRO RIVAS

Date: Jan. ___, 2023

_____
ELIAS ORDONES

Date: Jan. ___, 2023

_____
GEORGE PALTA

Date: Jan. ___, 2023

**PLAINTIFFS:**

_____     Date: Jan. ___, 2023
BYRON GEOVANNY AREVALO FAJARDO

_____     Date: Jan. ___, 2023
CARLOS MARTELL

_____     Date: Jan. ___, 2023
JOSE GUTIERREZ

_____     Date: Jan. ___, 2023
JUAN PEREYRA

_____     Date: Jan. ___, 2023
IÑIGO MENDOZA RAMIREZ
(a/k/a EDUARDO MENDOZA RAMIREZ)

_____     Date: Jan. ___, 2023
MIGUEL GARRIDO

_____     Date: Jan. ___, 2023
REYMUNDO CHAVEZ HERNANDEZ
(a/k/a RAMON CHAVEZ HERNANDEZ)
_____     Date: Jan. ___, 2023
RICHARD XAVIER HERNANDEZ

_____     Date: Jan. ___, 2023
SEBASTIAN ALFREDO ESPINOSA VARGAS
(A/K/A SEBBY ESPINOSA VARGAS)

_____     Date: Jan. ___, 2023
JAIRO RIVAS

_____     Date: Jan. ___, 2023
ELIAS ORDONES

_____     Date: Jan. ___, 2023
GEORGE PALTA

**PLAINTIFFS:**

_____          Date: Jan. \_\_\_, 2023
BYRON GEOVANNY AREVALO FAJARDO


_____          Date: Jan. \_\_\_, 2023
CARLOS MARTELL


_____          Date: Jan. \_\_\_, 2023
JOSE GUTIERREZ


_____          Date: Jan. \_\_\_, 2023
JUAN PEREYRA

_____          Date: Jan. \_\_\_, 2023
IÑIGO MENDOZA RAMIREZ
(a/k/a EDUARDO MENDOZA RAMIREZ)

_____          Date: Jan. \_\_\_, 2023
MIGUEL GARRIDO

_____          Date: Jan. \_\_\_, 2023
REYMUNDO CHAVEZ HERNANDEZ
(a/k/a RAMON CHAVEZ HERNANDEZ)

_____          Date: Jan. \_\_\_, 2023
RICHARD XAVIER HERNANDEZ

_____          Date: Jan. \_\_\_, 2023
SEBASTIAN ALFREDO ESPINOSA VARGAS
(A/K/A SEBBY ESPINOSA VARGAS)

_____          Date: Jan. 23, 2023
JAIRO RIVAS

_____          Date: Jan. \_\_\_, 2023
ELIAS ORDONES

_____          Date: Jan. \_\_\_, 2023
GEORGE PALTA

**PLAINTIFFS:**

_____     Date: Nov. ___, 2022
BYRON GEOVANNY AREVALO FAJARDO

_____     Date: Nov. ___, 2022
CARLOS MARTELL

_____     Date: Nov. ___, 2022
JOSE GUTIERREZ

_____     Date: Nov. ___, 2022
JUAN PEREYRA

_____     Date: Nov. ___, 2022
IÑIGO MENDOZA RAMIREZ
(a/k/a EDUARDO MENDOZA RAMIREZ)

_____     Date: Nov. ___, 2022
MIGUEL GARRIDO

_____     Date: Nov. ___, 2022
REYMUNDO CHAVEZ HERNANDEZ
(a/k/a RAMON CHAVEZ HERNANDEZ)

_____     Date: Nov. ___, 2022
RICHARD XAVIER HERNANDEZ

_____     Date: Nov. ___, 2022
SEBASTIAN ALFREDO ESPINOSA VARGAS
(A/K/A SEBBY ESPINOSA VARGAS)

_____     Date: Nov. ___, 2022
JAIRO RIVAS

_____     Date: Nov. ___, 2022
ELIAS ORDONES

_____     Date: Nov. ___, 2022
GEORGE PALTA

.

**PLAINTIFFS:**

_____                Date: Jan. ___, 2023
BYRON GEOVANNY AREVALO FAJARDO


_____                Date: Jan. ___, 2023
CARLOS MARTELL


_____                Date: Jan. ___, 2023
JOSE GUTIERREZ


_____                Date: Jan. ___, 2023
JUAN PEREYRA

_____                Date: Jan. ___, 2023
IÑIGO MENDOZA RAMIREZ
(a/k/a EDUARDO MENDOZA RAMIREZ)

_____                Date: Jan. ___, 2023
MIGUEL GARRIDO

_____                Date: Jan. ___, 2023
REYMUNDO CHAVEZ HERNANDEZ
(a/k/a RAMON CHAVEZ HERNANDEZ)
_____                Date: Jan. ___, 2023
RICHARD XAVIER HERNANDEZ

_____                Date: Jan. ___, 2023
SEBASTIAN ALFREDO ESPINOSA VARGAS
(A/K/A SEBBY ESPINOSA VARGAS)

_____                Date: Jan. ___, 2023
JAIRO RIVAS

_____                Date: Jan. ___, 2023
ELIAS ORDONES

_____                Date: Jan. ___, 2023
GEORGE PALTA

.

_____  Date: Jan. ___, 2023
BYRON GEOVANNY AREVALO FAJARDO

_____  Date: Jan. ___, 2023
CARLOS MARTELL

_____  Date: Jan. ___, 2023
JOSE GUTIERREZ

_____  Date: Jan. ___, 2023
JUAN PEREYRA

_____  Date: Jan. ___, 2023
IÑIGO MENDOZA RAMIREZ
(a/k/a EDUARDO MENDOZA RAMIREZ)

_____  Date: Jan. ___, 2023
MIGUEL GARRIDO

_____  Date: Jan. ___, 2023
REYMUNDO CHAVEZ HERNANDEZ
(a/k/a RAMON CHAVEZ HERNANDEZ)

_____  Date: Jan. ___, 2023
RICHARD XAVIER HERNANDEZ

_____  Date: Jan. ___, 2023
SEBASTIAN ALFREDO ESPINOSA VARGAS
(A/K/A SEBBY ESPINOSA VARGAS)

_____  Date: Jan. ___, 2023
JAIRO RIVAS

_____  Date: Jan. ___, 2023
ELIAS ORDONES

_____  Date: Jan. ___, 2023
GEORGE PALTA

**PLAINTIFFS:**

_____
BY: GIOVANNY AREVALO FAJARDO

Date: Jan. ___, 2023

_____
CARLOS MARTELL

Date: Jan. ___, 2023

_____
JOSE GUTIERREZ

Date: Jan. ___, 2023

_____
JUAN PEREYRA

Date: Jan. ___, 2023

_____
IÑIGO MENDOZA RAMIREZ
(a/k/a EDUARDO MENDOZA RAMIREZ)

Date: Jan. ___, 2023

_____
MIGUEL GARRIDO

Date: Jan. ___, 2023

_____
REYMUNDO CHAVEZ HERNANDEZ
(a/k/a RAMON CHAVEZ HERNANDEZ)

Date: Jan. ___, 2023

_____
RICHARD XAVIER HERNANDEZ

Date: Jan. ___, 2023

_____
SEBASTIAN ALFREDO ESPINOSA VARGAS
(A/K/A SEBBY ESPINOSA VARGAS)

Date: Jan. ___, 2023

_____
JAIRO RIVAS

Date: Jan. ___, 2023

_____
ELIAS ORDONES

Date: Jan. ___, 2023

_____
GEORGE PALTA

Date: Jan. ___, 2023

_____  Date: Jan. \_\_\_, 2023
BYRON GEOVANNY AREVALO FAJARDO


_____  Date: Jan. \_\_\_, 2023
CARLOS MARTELL


_____  Date: Jan. \_\_\_, 2023
JOSE GUTIERREZ


_____  Date: Jan. \_\_\_, 2023
JUAN PEREYRA

_____  Date: Jan. \_\_\_, 2023
IÑIGO MENDOZA RAMIREZ
(a/k/a EDUARDO MENDOZA RAMIREZ)

_____  Date: Jan. \_\_\_, 2023
MIGUEL GARRIDO

_____  Date: Jan. \_\_\_, 2023
REYMUNDO CHAVEZ HERNANDEZ
(a/k/a RAMON CHAVEZ HERNANDEZ)
_____  Date: Jan. \_\_\_, 2023
RICHARD XAVIER HERNANDEZ

_____  Date: Jan. \_\_\_, 2023
SEBASTIAN ALFREDO ESPINOSA VARGAS
(A/K/A SEBBY ESPINOSA VARGAS)

_____  Date: Jan. \_\_\_, 2023
JAIRO RIVAS

_____  Date: Jan. \_\_\_, 2023
ELIAS ORDONES

_____  Date: Jan. \_\_\_, 2023
GEORGE PALTA

_____

JUAN PEREYRA

_____

IÑIGO MENDOZA RAMIREZ
(a/k/a EDUARDO MENDOZA RAMIREZ)

_____

MIGUEL GARRIDO

_____

REYMUNDO CHAVEZ HERNANDEZ
(a/k/a RAMON CHAVEZ HERNANDEZ)

_____

RICHARD XAVIER HERNANDEZ

REYMUNDO CHAVEZ HERNANDEZ
(a/k/a RAMON CHAVEZ HERNANDEZ)

_____

SEBASTIAN ALFREDO ESPINOSA VARGAS
(A/K/A SEBBY ESPINOSA VARGAS)

_____

JAIRO RIVAS

_____

ELIAS ORDONES

_____

GEORGE PALTA

**PLAINTIFFS:**

_____     Date: Jan. ___, 2023
BYRON GEOVANNY AREVALO FAJARDO

_____     Date: Jan. ___, 2023
CARLOS MARTELL

_____     Date: Jan. ___, 2023
JOSE GUTIERREZ

_____     Date: Jan. ___, 2023
JUAN PEREYRA

_____     Date: Jan. ___, 2023
IÑIGO MENDOZA RAMIREZ
(a/k/a EDUARDO MENDOZA RAMIREZ)

_____     Date: Jan. ___, 2023
MIGUEL GARRIDO

_____     Date: Jan. ___, 2023
REYMUNDO CHAVEZ HERNANDEZ
(a/k/a RAMON CHAVEZ HERNANDEZ)

_____     Date: Jan. ___, 2023
RICHARD XAVIER HERNANDEZ

_____     Date: Jan. ___, 2023
SEBASTIAN ALFREDO ESPINOSA VARGAS
(A/K/A SEBBY ESPINOSA VARGAS)

_____     Date: Jan. ___, 2023
JAIRO RIVAS

_____     Date: Jan. ___, 2023
ELIAS ORDONES

_____     Date: Jan. ___, 2023
GEORGE PALTA

**DEFENDANTS:**

WB Maintenance & Design Group Inc.

By: _____     Date: ~~Jan.~~ Feb 2 , 2023
Wladimir Briceno
Title: President

W.B. & Son Construction Corp.

By: _____     Date: ~~Jan.~~ Feb 3 , 2023
Alexander Briceno
Title: President

_____     Date: ~~Jan.~~ Feb 2 , 2023
WLADIMIR BRICENO

_____     Date: ~~Jan.~~ Feb 2 , 2023
BETTY BRICENO

_____     Date: ~~Jan.~~ Feb 2 , 2023
JEISSY BRICENO

_____     Date: ~~Jan.~~ Feb 2 , 2023
JEIMY BRICENO

_____     Date: ~~Jan.~~ Feb 3 , 2023
ALEXANDER BRICENO

**ADDITIONAL DEBTORS:**

WB Maintenance Inc.

By: _____     Date: ~~Jan.~~ Feb 2 , 2023
Jeimy Briceno
Title: Vice President

Go-Pro Maintenance Inc.

By: _____     Date: ~~Jan.~~ Feb 2 , 2023
Jeimy Briceno
Title: President

W.B. Maintenance & Repair Corp.

By: _____        Date: ~~Jan.~~ Feb 2, 2023

Wladimir Briceno
Title: President