KOUTSOUDAKIS & IAKOVOU LAW GROUP, PLLC
40 Wall Street, 49th floor
New York, New York 10005
Phone: (212) 404-8644
ralph@kilegal.com
kyriaki@kilegal.com
Ralph E. Preite, Esq.
Kyriaki A. Christodoulou, Esq.

*Counsel for WB Maintenance Inc., et. al.*
*Debtors and Debtors in Possession*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>WB MAINTENANCE INC. dba<br>WB MAINTENANCE & REPAIR *et. al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No.: 1-22-41755-JMM<br>(Jointly Administered) |

**AMENDED AFFIDAVIT OF JEIMY BRICENO IN SUPPORT OF CONFIRMATION OF FOURTH AMENDED PLAN OF REORGANIZATION**

STATE OF NEW YORK )
)ss.:
COUNTY OF NEW YORK )

Jeimy Briceno, being duly sworn deposes and states:

## I. BACKGROUND

1. I am the Chief Restructuring Officer of WB Maintenance Inc. *et. al.*, (each individually, a "Debtor" collectively, the "Debtors"). Prior to the commencement of the Debtors' chapter 11 cases (these "Chapter 11 Cases") on July 22, 2022 (the "Petition Date"), I served as an officer of the Debtors WB Maintenance Inc., Go-Pro Maintenance Inc., and W.B. Maintenance & Repair Corp.

[1] The Debtors in the Chapter 11 Bankruptcy Case, along with their respective case numbers and the last four digits of each Debtor's employer identification number are: WB Maintenance Inc., Case No. 1-22-41755 (2958); Go-Pro Maintenance Inc., Case No. 1-22-41756 (4160) (subchapter V of Chapter 11); W.B. Maintenance & Repair Corp., Case No. 1-22-41757 (1003) (subchapter V of Chapter 11); W.B. & Son Construction Corp., Case No. 1-22-41758 (6909); and WB Maintenance & Design Group Inc., Case No. 1-22-41759 (7375).

2. The Debtors are privately held corporations organized under the laws of the State of New York. The five Debtors are general construction companies, three[2] of which exist in New York, and two of which were New York corporations that were dissolved in or prior to 2018 as set forth in the following table:

| Debtor | Case No. | Formed or Dissolved | Status |
|---|---|---|---|
| WB Maintenance Inc. | 22-41755-JMM | formed 12/5/2017 | inactive |
| Go-Pro Maintenance Inc. | 22-41756-JMM | formed 2/10/2020 | operational |
| W.B. Maintenance & Repair Corp. | 22-41757-JMM | formed 4/24/2014 | operational |
| W.B. & Son Construction Corp | 22-41758-JMM | dissolved 6/29/2016 | defunct |
| WB Maintenance & Design Group Inc. | 22-41759-JMM | dissolved 11/2/2018 | defunct |

3. I submit this affidavit in support of confirmation of Debtors' Fourth Amended Plan of Reorganization dated August 1, 2023 (the "Plan")[3] [Docket No. 131], and First Amended Disclosure Statement, dated May 16, 2023 (the "Disclosure Statement") [Docket No. 126]. If I were called upon to testify, I would testify to the facts set forth in this affidavit.

4. As Chief Restructuring Officer of the Debtors, I am responsible for the management of Debtors and am familiar with Debtors' business and financial affairs. In my capacity as Chief Restructuring Officer, I have supervised the Debtors' Chapter 11 Cases. I have detailed knowledge regarding the business operations and financial condition of the Debtors. Unless otherwise stated, I make this affidavit based upon personal knowledge, my review of and familiarity with relevant documents and information set forth in those documents, including without limitation, the Plan.

5. I have managed the operations of the Debtors throughout these Chapter 11 Cases and managed three (3) of the debtors for almost ten (10) years.

---

[2] The three existing non-dissolved debtors are, WB Maintenance Inc. formed 12/5/2017, Go-Pro Maintenance Inc., formed: 2/10/2020, and W.B. Maintenance & Repair Corp. formed: 4/24/2014.

[3] All capitalized terms used in this affidavit that are not otherwise defined herein shall have the meanings ascribed to them in the Plan.

6. I managed all aspects of the Debtors' Chapter 11 Cases including review of the petition and schedules, statement of financial affairs, monthly operating reports, attending the initial debtor interviews, negotiating with the Wage and Hour Creditors in these Chapter 11 Cases, and working with counsel to formulate a Plan.

7. I reviewed and signed the Plan and Debtors' Disclosure Statement dated May 16, 2023 [Docket No. 126].

8. Based upon my personal involvement in the Plan process in these Chapter 11 Cases, I believe that the Plan was developed and negotiated in good faith and complies with the applicable provisions of the Bankruptcy Code and is in the best interest of creditors. Creditors are being paid in full in one installment on the Effective Date of the Plan.

9. Debtors duly solicited acceptances and rejections of the Plan in accordance with the Bankruptcy Court's Order dated August 14, 2023 Order Scheduling Hearing to Consider Final Approval of Disclosure Statement and Confirmation of WB Maintenance Inc., *et. al.*'s Joint Plan of Reorganization Dated August 1, 2023, (the "Confirmation Scheduling Order"). The Plan, Disclosure Statement and other solicitation documents approved by the Bankruptcy Court were transmitted to Claimants and other parties-in-interest in accordance with the Confirmation Scheduling Order. As set forth in the accompanying Certification, to the best of my knowledge, 100% of the Holders of Allowed Claims, did not vote to reject the Plan.

## II. THE PLAN COMPLIES WITH THE BANKRUPTCY CODE

### A. **Compliance with 11 U.S.C. § 1129(a)(1)** (for non-subchapter V Debtors)

10. I believe the Plan complies with section 1129(a)(1) of the Bankruptcy Code because it satisfies the applicable requirements of sections 1122 and 1123 of the Bankruptcy Code regarding the classification and contents of the Plan as well as other applicable provisions

of the Bankruptcy Code.

*Compliance with 11 U.S.C. § 1122*

11. I believe the Plan complies with the classification requirements of section 1122 of the Bankruptcy Code because the claims against the Debtors (the "Claims") or equity interest in the Debtors (the "Equity Interests") in each class are substantially similar to the other Claims or Equity Interests in such class.

12. I believe that valid business, factual, and legal reasons exist for classifying separately the various classes of Claims and Equity Interests under the Plan. It is my understanding that no objections have been filed or raised regarding the classification scheme set forth in the Plan and all impaired classes that were entitled to vote on the Plan voted in favor of the Plan.

*Compliance with 11 U.S.C. § 1123*

13. I believe that the Plan satisfies the requirements of section 1123(a) of the Bankruptcy Code because:

(a) 1123(a)(1): Articles 2 and 4 of the Plan designate three (3) classes of Claims and Equity Interests.

(b) 1123(a)(2): Article 3 of the Plan identifies the unclassified claims, which are not impaired under the Plan.

(c) 1123(a)(3): Article 4 of the Plan states that Classes 1 through 3 are unimpaired and therefore, their votes were not solicited, with the exception of Class 1 which is unimpaired but pursuant to the Settlement Agreement with the Class 1 Wage and Hour Creditors, Class 1 voted in favor of the Plan.

(d) 1123(a)4): Article 4 of the Plan provides for the same treatment for each

Claim or Equity Interest contained within each particular class unless the holder of a particular Claim has agreed to less favorable treatment of such Claim.

(e) 1123(a)(5): The Plan provides for adequate and proper means for implementation. Article 7 of the Plan describes the sources of funding for the required distribution to be made under the Plan. The Plan provides that creditors in Classes 1 through 3, and administrative expense claims, except for fees owed to Debtors' counsel, will be paid in full on the Effective Date of the Plan.

(f) 1123(a)(6): The Debtors are not issuing any non-voting securities under the Plan.

(g) 1123(a)(7): Section 10.02 of the Plan discloses the identity of the officers and managers of the reorganized Debtors, and I believe the appointment of the officers is consistent with the interests of creditors and with public policy.

14. I believe that the Plan's incorporation of certain of the permissive provisions described below is in compliance with section 1123(b) of the Bankruptcy Code.

(a) 1123(b)(1): The Plan describes the treatment for all impaired and unimpaired classes of Claims and Equity Interests under the Plan.

(b) 1123(b)(2): The Plan acknowledges the assumption of Debtor, W.B Maintenance & Repair Corp.'s pre-petition unexpired lease, the assumption of which was approved by Court Order dated March 2, 2023 [Docket No. 113]. Said lease assumption was done in the exercise of said Debtor's sound business judgment.

**B. Compliance with 11 U.S.C. § 1129(a)(2)**

15. Debtors have operated their businesses since the Petition Date in these Chapter 11 Cases and I believe that Debtors have complied in all material respects with their duties and

obligations as a debtors-in-possession. Debtors have, among other things, appeared at the statutory meeting of creditors under § 341 of the Bankruptcy Code and have duly filed their operating reports with the Office of the United States Trustee.

16. The Debtors have relied upon counsel to comply with the requirements of section 1125 of the Bankruptcy Code to ensure that, to the extent applicable, the solicitation of acceptances of the Plan were in compliance with the applicable provisions of the Bankruptcy Code and the Confirmation Scheduling Order [Docket No. 132]. The Wage and Hour Creditors in Class 1 voted in favor of the Plan pursuant to the Settlement Agreement, which were cast by Debtors' counsel on their behalf. All other classes are unimpaired under the Plan, and therefore, their votes were not solicited. Accordingly, the procedures in connection to solicitation of votes, to the extent applicable, were fair, properly conducted and in compliance with the applicable provisions of the Bankruptcy Code and the Confirmation Scheduling Order.

17. I believe that section 1126 of the Bankruptcy Code is inapplicable because all Classes of Claims are unimpaired, and therefore, the requirement that the majority in number and majority in amount of creditors in unimpaired classes vote in favor of the Plan, is rendered moot. The Plan has been accepted by Class 1 Wage and Hour Creditors, and is deemed accepted by Classes 2, and 3.

**C. Compliance with 11 U.S.C. § 1129(a)(3)**

18. I believe the Plan was proposed in good faith. The Plan was filed with the legitimate and honest purpose of preserving Debtors' property, reorganizing the claims against the Debtors' estates as a means of preserving and maximizing the value of Debtors' estates for the benefit of Allowed Claims and Interests. This is accomplished through the Plan which provides for the full payment on the Effective Date of any and all Allowed Claims in these

Chapter 11 Cases.

19. With the revenue amassed by the subchapter V Debtors, which sums total $665,052.14 and are being held in segregated DIP Plan Confirmation accounts maintained at Flagstar Bank, copies of which are annexed hereto as Exhibit B, Debtors will have sufficient funds to pay when due, among other things, (a) all payments required on Allowed Claims under the Plan, (b) Allowed Administrative Expenses, (except for Debtors' counsel's fees which, if awarded by the Court, will be paid over time and from post-confirmation revenues), and (c) amounts required to consummate the Plan. This available and projected sum is sufficient to fully pay all Classes of Creditors on the Effective Date of the Plan, including administrative expense claims to the subchapter V trustee and the Debtors' financial advisors, (estimated to be approximately $20,000.00 in fees and expenses). However, payment to Debtors' counsel will be paid over time, as allowed by the Court and as separately agreed upon by and among the parties, following confirmation of the Plan.

20. Moreover, if the Plan is not confirmed, there will likely not be much, if anything, available for distribution to Debtors' creditors. By contrast, under the Plan, Holders of Allowed Claims and Interests will be fully paid without interest.

21. The foregoing supports my belief that Debtors' Plan is being proposed in good faith.

22. Indeed, the Plan provides for payment in full of all Allowed Claims.

**D. Compliance with 11 U.S.C. § 1129(a)(4)**

23. The Plan also provides that all payments made or to be made by Debtors for services or costs in connection with these Chapter 11 Cases, including all Administrative Expenses of Debtors' duly retained professionals, are subject to approval by the Bankruptcy

Court.

**E. Compliance with 11 U.S.C. § 1129(a)(5)**

24. As set forth in Article 10 of the Plan, Debtors have disclosed that it is anticipated that management that existed prior to the Petition Date will serve post-confirmation.

25. I believe that this is consistent with the best interests of Debtors' creditors and equity Interest Holders.

**F. Compliance with 11 U.S.C. § 1129(a)(6)**

26. The Plan does not provide for any rate change that requires regulatory approval.

**G. Compliance with 11 U.S.C. 1129(a)(7), (8)**

27. As discussed above, the Classes under the Plan are unimpaired, with the exception of Class 1 Wage and Hour Creditors voted to accept the Plan pursuant to the Settlement Agreement. Furthermore, as discussed in the liquidation analysis, creditors are not likely to receive any distribution if the Plan is not confirmed. Under the Plan, they are being paid in full. Pursuant to section 1129(a)(7)(A)(ii), each holder of the claim will receive property of a value that is not less than the amount that the holders would receive if the Debtors were liquidated under Chapter 7.

28. In accordance with section 1129(a)(8), all classes of claims or interests have either (a) accepted the Plan; or (b) are not impaired under the Plan.

**H. Compliance with 11 U.S.C. § 1129(a)(9)**

29. Allowed Administrative Expenses will be paid in full on confirmation, except for legal fees and expenses owed to Debtors' counsel, which will be paid as separately agreed upon by the parties. The list of administration expenses and priority claims is attached hereto as Exhibit "A".

30. Priority tax claims will be paid in full on the Effective Date.

**I. Compliance with 11 U.S.C. § 1129(a)(10)**

31. As previously mentioned, Class 1 creditors have voted to accept the Plan. Votes from Classes 2, and 3 need not be solicited because they are unimpaired.

**J. Compliance with 11 U.S.C. § 1129(a)(11)**

32. I do not believe that confirmation of the Plan is likely to be followed by liquidation, or the further need for financial reorganization. The Plan provides for the full payment of all Allowed Claims, except Debtors' counsel. The Plan requires that payments under the Plan be made from cash flow of the Debtors, both ongoing and set aside from past operations. As demonstrated post-petition, the Debtors have sufficient funds on hand, or can generate sufficient funds from their operations, to make the requisite Plan payments.

33. Based on the foregoing, I believe the Plan offers a reasonable assurance of success and is feasible.

**K. Compliance with 11 U.S.C. § 1129(a)(12)**

34. Quarterly fees are not owed to the U.S. Trustee for the cases of Go-Pro Maintenance Inc. and WB Maintenance & Repair Corp. as these are subchapter V Debtors. The remaining three (3) Debtors are current on quarterly fees owed to the U.S. Trustee.

**L. Compliance with 11 U.S.C. § 1129(a)(13)**

35. Debtors do not maintain any retiree benefit plans.

**M. Compliance with 11 U.S.C. § 1191 (for the subchapter V Debtors)**

36. I believe the Plan satisfies the requirements of section 1191.

(a) 1191(a): As demonstrated by the foregoing, the Plan satisfies the requirements of 1129(a).

(b) 1191(b): The Plan satisfies the requirements of 1129(a), other than (8), (10), and (15), and the Plan does not discriminate unfairly, is far and equitable with respect to each class of claims or interests that are impaired, if any. All Classes under the Plan are unimpaired.

(c) 1191(c)(1)-(3): 1191(c) is inapplicable because the Debtors will pay all creditors in full on the Effective Date of the Plan with monies that have been set aside for this sole purpose.

(d) 1191(d): 1191(d) is inapplicable because the Debtors will pay all creditors in full on the Effective Date of the Plan, which obviates the need to engage in an analysis of the Debtors' disposable income, which will not be used for maintenance or support of the Debtors, a domestic support obligation (none exist), or for the payment of expenditures necessary for the continuation, preservation, or operation of the business of the Debtors.

(e) 1191(e): 1191(e) is inapplicable because the Plan does not provide for the payment of claims by a federal reserve bank or unsecured claims asserted in involuntary cases.

## III. CONCLUSION

37. Based on the foregoing, I believe that the Plan is fair and equitable and is in the best interests of Debtors' creditors and Interest Holders. The Plan maximizes the returns available for creditors and allows Debtors to reorganize and emerge successfully from bankruptcy. Accordingly, I respectfully request that the Plan be confirmed.

Jeimy Briceno
Chief Restructuring Officer of Debtors

Sworn to before me this
13th day of September 2023

Notary Public

KYRIAKI A CHRISTODOULOU
NOTARY PUBLIC-STATE OF NEW YORK
No. 02CH6419747
Qualified in New York County
My Commission Expires 07-19-2025

**EXHIBIT A**

Administrative Expenses

| | |
|---|---|
| 1. Attorneys for Debtor since Petition Date (fees & approx. expenses): | $250,000.00[4] |
| 2. Subchapter V Trustee (fees & approx. expenses): | $15,000.00 |
| 3. GJM Accounting (fees & approx. expenses): | $5,000.00 |
| Secured Debt | N/A |
| Unsecured Debt of W&H Creditors to be paid per so-ordered stip. | $530,000.00 |
| Unsecured Debt & Priority Claims (to be paid on the Effective Date) | $129,289.86 |
| | ---------------- |
| Total debt to be paid pursuant to Plan (excluding counsel fees) | $679,289.86 |

---

Each creditor and the amount owed is listed below in the following table:

| Case | Claim No. | Creditor | Amount |
|---|---|---|---|
| | | Subchapter V Trustee (est): | 15,000.00 |
| | | GJM Accounting (est): | 5,000.00 |
| 22-41755 WBMI | | 12 Wage and Hour Claimants | 530,000.00 |
| | 13-1 | JP Morgan Chase | 14,005.02 |
| | 14-1 | Da Corta Bros Inc. | 9,419.52 |
| | 15-1 | NYS DT&F | 1,416.79 |
| 22-41756 GoPro | 12 | American Express National Bank | 67,014.17 |
| | 13 | NYS DT&F | 4,635.10 |
| 22-41757 WBMRC | 13 | NYS Dept Labor (amended claim) | 0.00 |
| | 15 | NYS Dept T&F Sales Tax | 1,280.46 |
| | 14 | American Express National Bank | 16,178.00 |
| | SCHEDULED | Dave's Kitchen & Bath Cabinets | 11,439.19 |
| 22-41758 WBSCC | | | 0.00 |
| 22-41759 WBMDGI | 13 | TMobile | 561.99 |
| | 14 | IRS | 3,339.62 |
| | | TOTAL: | $679,289.86 |

[4] Less any interim awards awarded by the Court.